## DUDLEY & al. *versus* GREENE.

A Resolve of the Legislature, authorizing the assessors of a plantation, in their own names and for the use of its schools, to recover the value of timber and grass wrongfully taken from the lands reserved for public use, is not a *grant* of the avails.

Such a Resolve is merely an appointment of *agents* for the public.

Such an agency may, at any time, be lawfully revoked by a repeal of the Resolve.

In actions commenced under such Resolve, but defeated by its repeal, no costs are recoverable by either party.

ON FACTS AGREED.

ASSUMPSIT, brought by the assessors of Waite plantation, and involving the construction of the following Resolve, passed July 23, 1849; viz : —

"Resolved, that the assessors of Waite plantation or their successors in office are hereby authorized to commence and prosecute to final judgment actions, in their own names, as assessors of the said plantation, against any person, who shall or has cut and carried away any grass or timber, without legal authority, from the land reserved for public uses, in said plantation. Said assessors may commence and prosecute as aforesaid an action for money had and received, to the use of said plantation, against any person who has sold without authority any such grass or timber, and shall be entitled to recover the amount of money received by such person and interest thereon. All sums collected by virtue of this Resolve shall be used for the support of public schools in said plantation.

"The statute of limitation shall not be pleaded against any action commenced under this Resolve, unless the same would have barred an action commenced in behalf of the State."

This suit was brought under the authority of that Resolve.

During the pendency of the suit, the Resolve was repealed. The case was submitted for such judgment as should be conformable to law.

*G. M. Chase,* for the plaintiffs.

The Resolve vested a right in the plantation, which was

the beneficiary for whom the reservation was made. The State's compact with Massachusetts required the reservation to be made, and forbade any sale of the lots. The State is merely a trustee.

·It has the power, and is under obligation to provide means, by which the benefits designed shall be assured to the beneficiary. The Resolve merely surrendered the rights of the trustee to the *cestui que trust.* By a public Act of the same year, passed prior to the Resolve, plantations had power to establish public schools.

In passing the Resolve, the State did but discharge its duty to the beneficiaries. What it has done in discharge of a duty, it cannot undo.

But, further, there was an actual acceptance by the beneficiary. Under that acceptance, this action was brought and is now prosecuted. Shall the State be allowed not only to resume its executed and surrendered trust power, but also to involve the beneficiaries in a bill of expense and of costs?

If so, we should no longer feel humiliated that Massachusetts was permitted to impose upon us a constitutional obligation to take care of our education and our morals, our ministers and children.

The repeal was not merely a remittitur of a penalty or forfeiture, as in *Potter* v. *Sturtevant,* 4 Greenl. 154.

It was not a regulation of remedy, as in *Oriental Bank* v. *Frieze,* 18 Maine, 109. Our action was before the judiciary. While so, the Legislature assumed, under the form of a repeal, to defeat the rights which it had already surrendered and vested in the plaintiff. Such an assumption of power is unconstitutional and void. *The Governor* v. *Porter,* 5 Humphrey, (Tenn.) 165.

A power to regulate the remedy does not include the right to take away all remedy.

But, if the repeal is to be sanctioned, and the action to be thereby defeated, no cost can be allowed to the defendant. *Thayer* v. *Seavy,* 11 Maine, 284.

*F. A. Pike,* for the defendant.

APPLETON, J. — It has been decided that the State by virtue of its sovereignty may take possession of the lands reserved for public uses, under the compact between this State and Massachusetts, and preserve them for the uses designated. *Maine* v. *Cutler*, 16 Maine, 349.

The management of the lands reserved must necessarily be in the State, for the protection and preservation of whatever of value there may be growing thereon, and these objects can only be effected by the intervention of agents appointed for that purpose. The mode and manner in which it shall exercise this trust, the agents to whose direction it shall intrust the care and protection of these lands, the powers it shall confer, the limitations and restrictions it shall impose, and the securities it shall require for the due execution of the powers conferred, are all obviously matters confided to the sound judgment and discretion of the Legislature. The right to control and the power to appoint agents involve and include the power to change such agents, or to transfer the duties of such agencies from one set of individuals to another.

Accordingly, the general supervision of the reserved lands in unincorporated places, devolved upon the Land Agent till 1842, when, by c. 33, § 21, the care of these lands when located was given to the County Commissioners of the several counties in which they were situated, " until such township or tract shall be incorporated," and if not located, they were empowered to procure their location. The general charge of these lands remained with them till 1848, when, by an Act passed August 11th of that year, " the care and custody" of these lands was transferred to a special agent, whose duty it was " to protect them from strip or waste till such township or tract should be incorporated." At the same time the funds received by these agents were to be placed in the State treasury, and, by the fourth section of the Act, the State was made " accountable to the beneficiaries for the full amount of all moneys thus received with interest," and the State Treasurer was directed, when one or more school districts should have been organized, to cause the annual interest arising to

be paid yearly to the clerk of such plantation or other person authorized by law to receive the same, to be applied to the support of schools in said district.

The reserved lands and the funds therefrom arising were under the general control of the State. The care and custody of these lands was thus transferred by a general law from one set of agents to another. The ordinary exercise of the legislative functions is in the enactment of general laws, applicable to the whole people. The suspension of general laws, or special legislation conferring peculiar and exclusive privileges, may in particular cases be within the constitutional powers of legislation, but their expediency always admits of question.

Now what was the effect of the Resolve under which the plaintiffs claim? Did the Legislature do more than withdraw from the operation of the general law the care and custody of this particular trust estate, and give authority to another set of agents, " to commence and prosecute to final judgment actions against any person who shall, or has, cut or carried away any grass or timber, without legal authority, from the lands reserved for public uses in said plantation," and likewise " against any person who has sold, without authority, any such grass or timber." The Resolve further provides, that all sums thus collected " shall be used for the support of public schools in said plantation." Here is no grant in express terms. All that would seem to be within the fair intent of the Act is to give authority to commence and prosecute certain suits, but nothing indicates that such authority might not be revoked. The fee of the land is untouched. The trust funds remain for the same purposes as before. The Act does not in terms purport to give or grant any thing more than a naked authority. Perhaps the Legislature might transfer the fee of the reserved lands to the inhabitants of a plantation in its incipient organization, but however that may be, the Act neither does nor purports to do any such thing. If a general law like this, and applicable to all plantations, had been passed, could it not have been repealed or modified? If so, does not the right

still remain in the Legislature to modify or repeal a particular Resolve? It seems to us that it does. Prior to this Act, the suit for trespass on the reserved lands was in the name of the State. This Act gives a mere authority to the assessors of the Waite plantation to commence a suit in their own names. No right is vested till judgment is obtained, and no reason is perceived why the Legislature may not rightfully revoke such authority.

That an action is pending, does not diminish or affect the power of the State. An individual may sue for a penalty, and the suit may be in progress to successful termination, yet a repeal of the Act upon which the suit is founded defeats the suit itself. The Legislature have full power over the remedy. *Oriental Bank* v. *Freese*, 18 Maine, 109; *Thayer* v. *Seavey*, 11 Maine, 284; *Read* v. *Frankfort Bank*, 23 Maine, 318. A statute directing that promissory notes given to the cashier of a bank may be sued in the name of the bank, is a law affecting the remedy only, and though passed after the note was given, does not affect the obligation of contracts. *Crawford* v. *Bank of Mobile*, 7 How. U. S. Rep. 279.

Neither will the interests of the *cestui que trust* suffer by the repeal of this Resolve. They remain protected by the general law of the State, and the rights of this plantation can be enforced in the same manner as those of all the other plantations in this State. Whether the prerogative of the State, by which its rights are protected as against the statute of limitations, is transferable, might well deserve grave consideration, but as the resolve in question is repealed, the discussion of this question ceases to have any bearing on the decision of this case. It cannot be doubted that the State, upon whom the duty now devolves, will wisely and efficiently protect the trust estate for the purposes for which it was created, and that in granting equally as in revoking this special authority, the Legislature acted within its legitimate limits.

The plaintiffs' right of action is defeated without their knowledge or consent by the action of the Legislature. In

such a case the general rule as to costs would not seem applicable, and accordingly it has been decided that they are not recoverable by either party. *Thayer* v. *Seavey*, 2 Fairf. 284; *Saco* v. *Gurney*, 34 Maine, 14.

*Plaintiffs nonsuit. No costs allowed.*

SHEPLEY, C. J., WELLS, HOWARD and RICE, J. J., concurred.